UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY M. BENNETT,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE,

    Defendant.

_____/

Case No. 09-cv-12352
Hon. Gerald E. Rosen
Mag. Paul J Komives

**OPINION AND ORDER REGARDING
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 3, 2010

PRESENT: Honorable Gerald E. Rosen
                 United States District Judge

## I. INTRODUCTION

Plaintiff Timothy M. Bennett commenced this action in this Court on June 17, 2009, alleging that Defendant United States of America (erroneously named as Internal Revenue Service) wrongfully asserted a Notice of Federal Tax Lien in a piece of property located in White Lake, Michigan. Specifically, Plaintiff asserts a right to relief under 28 U.S.C. § 2409a, seeking quiet title to the disputed property (Count II). He also claims that the United States instituted an unauthorized collection action in violation of 26 U.S.C. § 7433 (Count III) and infringed upon his due process rights (Count I), thus

entitling him to money damages. This Court's subject matter jurisdiction rests upon Plaintiff's assertion of federal claims arising under the Constitution and laws of the United States, and in particular federal laws providing for internal revenue. See 28 U.S.C. §§ 1331, 1340, and 1346(f).

Through the present motion, the United States seeks partial summary judgment as to Counts I and III, asserting sovereign immunity. Plaintiff has filed a response indicating that he does not oppose the motion and seeking leave to amend his Complaint. He argues that his Section 2409a claim would be better brought under 28 U.S.C. § 2410. Having reviewed Plaintiff's and Defendant's briefs, and the record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion sets forth the Court's ruling.

## II. FACTUAL BACKGROUND

Plaintiff filed the Complaint in this quiet title action on June 17, 2009. This action concerns a Notice of Federal Tax Lien that the IRS filed against the real property commonly known as 8797 Cooley Beach Drive, White Lake, Michigan ("Cooley Beach Property"). This notice of lien is referred to as a nominee lien because it listed Plaintiff as the nominee or transferee of his mother, Joanne Bennett, whose tax debts gave rise to the lien. The United States argues that the tax liens reach Joanne Bennett's interest in the Cooley Beach Property, even though she did not have record title when the liens arose, because: (i) the plaintiff holds record title to the property as a mere nominee for and on

2

behalf of Joanne Bennett, the true and equitable owner of the property; and (ii) Joanne Bennett fraudulently transferred the property to the plaintiff to avoid, delay, and hinder the collection of her tax debts.

Plaintiff counters that he bought the Cooley Beach Property in 2003 with the intent to rent it out to his mother. He paid full consideration, $205,000, for the property, though his mother's name remained on the Warranty Deed as a joint tenant. In June 2006, she executed a Quit-Claim Deed to convey the property to Plaintiff. Plaintiff argues that the United States' allegation that this was a fraudulent transfer meant to avoid the Federal Tax Lien is unfounded. Instead, he claims that he acquired the property by Quit-Claim Deed from his mother because she had failed to pay him rent and did not pay property taxes, as they agreed she would. He argues that his mother never had a beneficial interest in the property and accordingly "could not have transferred an interest . . . to another as her nominee." (Pl. Mot. 6.)

On January 26, 2007, at the urging of a friend, Joanne Bennett filed her federal income tax returns for the years 2000-2005. The returns reported tax liability owing. On or about March 17, 2009, IRS revenue officer, Lynsey Taulbee, issued a Notice of Federal Tax Lien in the amount of $102,087.67 "in favor of the United States on all property and rights to property" belonging to Plaintiff "as nominee of Joanne Bennett." (Compl. ¶19.) On March 23, 2009, Agent Taulbee had the Federal Tax Lien recorded in the Oakland County, Michigan Register of Deeds office. Plaintiff now argues that he is not a nominee of Joanne Bennett, but instead is the sole, rightful owner of the Cooley

Beach Property. In the alternative, Plaintiff argues that the Federal Tax Lien is too broad, assuming Plaintiff owns the property with Ms. Bennett in a joint tenancy.

### III.  ANALYSIS

**A.     Counts I and III Should Be Dismissed Because Plaintiff Concedes That Those Claims Are Barred by Sovereign Immunity.**

For reasons unknown to this Court, Plaintiff did not consent to the United States' Motion for Partial Summary Judgment, nor did he opt to file a proposed joint order of dismissal, even though he concedes that Counts I and III are barred by the United States' sovereign immunity. Instead, Plaintiff filed a combined Response and Motion to Amend/Correct the Complaint. Nevertheless, because there is no dispute that Counts I and III should be dismissed, the Court will enter an order granting the United States' Motion for Partial Summary Judgment on those claims.

**B.     Plaintiff's Motion to Amend Must Be Granted Because the United States Has Failed to Support Its Claims of Undue Delay, Bad Faith, and Prejudice.**

Where, as here, the defendant has already filed a responsive pleading, the plaintiff may amend his complaint only with the defendant's written consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2). "The [C]ourt should freely give leave when justice so requires." Id. The Supreme Court has held that: "'The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.'" Foman v. Davis, 371 U.S. 178, 181-182, 83 S. Ct. 227 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48, 78 S. Ct. 99 (1957)). "Denial may be

4

appropriate, however, where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'" Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002) (quoting Foman, 371 U.S. at 182, 83 S. Ct. 227).

In this case, Plaintiff argues that he should be permitted to amend his Complaint for three reasons: (1) "there is no practical difference between 28 U.S.C. § 2410 and 2409a"; (2) the filing of Plaintiff's Amended Complaint would not prejudice the United States, since Plaintiff provided a copy of the proposed Amended Complaint to the United States on February 9, 2010, several weeks before the close of discovery; and (3) the Final Pre-trial Conference in this matter is still four months away. (Pl. Mot. ¶¶ 4-5.) The United States counters that Plaintiff's motion should be denied for undue delay, bad faith, and the undue prejudice to the government. Specifically, it argues that Plaintiff's proposed Amended Complaint changes almost all of the factual allegations originally contained in the Complaint, and adds new claims for relief—a new count seeking a constructive trust on the disputed property. "Granting leave to change the basis for his lawsuit at this late stage of the game would simply be unreasonable and unfair to the government." (Def. Resp. to Pl. Mot. 1.)

The Court finds the United States' arguments unpersuasive. Plaintiff's proposed Amended Complaint indeed reformulates the factual allegations and adds a claim of relief. Nevertheless, the changes do not substantially affect Plaintiff's theory of the case.

5

Moreover, the United States has not shown how granting Plaintiff's motion would prejudice its case or cause undue delay, where it does not appear that extensive additional discovery would be required to meet the new allegations. The discovery cut-off for this matter has only recently passed. The parties have already deposed the IRS revenue officer who filed the nominee lien at issue, Plaintiff and Plaintiff's mother. In addition, the United States has provided Plaintiff with all of the documents obtained from subpoenas served on Joanne Bennett's accountant and the White Lake tax assessor, as well as copies of the documents produced by the title company that closed the purchase of the Cooley Beach Property. Finally, there is no evidence of Plaintiff's bad faith. Although the United States argues that Plaintiff's amended factual allegations are all based on events that took place between 2003 and 2006 and were thus susceptible to investigation well before Plaintiff filed his Complaint, the Court finds that this alone does not amount to evidence of bad faith or dilatory tactics. Instead, the Amended Complaint appears to be an effort to elaborate on Plaintiff's statement of facts and ultimately "to facilitate a proper decision on the merits."

## IV. CONCLUSION

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment as to Counts I and III (**Dkt. #13**) is GRANTED, and Counts I and III are hereby DISMISSED.

IT IS FURTHER ORDERED that Plaintiff's January 29, 2009 Motion for Leave to File Amended Complaint (Dkt. #16) is GRANTED.

IT IS FURTHER ORDERED that, within *five (5) days* of the date of this Order, Plaintiff shall file and serve the Amended Complaint that is attached as an exhibit to its motion.

IT IS FURTHER ORDERED that the September 16, 2009 Scheduling Order in this case is hereby AMENDED to extend all deadlines by *thirty (30) days* as follows:

| | |
|---|---|
| Preliminary Witness Lists: | 3/15/2010 |
| Discovery Cut-Off: | 3/28/2010 |
| Non-Expert Final Witness Lists: | 4/15/2010 |
| Dispositive Motions: | 4/30/2010 |
| Proposed Joint Final Pretrial Order: | 7/8/2010 |
| Final Pretrial Settlement Conference: | Thursday, 7/15/2010 at 11:00 a.m. |
| Trial: | August 2010 |

In all other respects, the September 16, 2009 Scheduling Order remains in full force and effect. No further extensions will be granted.


Dated: March 3, 2010                    s/Gerald E. Rosen
                                        Chief Judge, United States District Court

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 3, 2010, by electronic and/or ordinary mail.

                                  s/Ruth A.Gunther
                                  Case Manager
                                  (313) 234-5137