# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

TIMOTHY M. BENNETT,

      Plaintiff,     No. 09-cv-12352
                Hon. Gerald E. Rosen

vs.


UNITED STATES OF AMERICA,

      Defendants.
_____/

## <u>ORDER DENYING MOTIONS MADE BY PLAINTIFF'S ATTORNEY</u>

This case involved Plaintiff Timothy M. Bennett's ("Bennett") challenge to a tax lien placed on property he owned. The parties stipulated to a dismissal, effectively resolving the case, in May 2011. Months later, Plaintiff's attorney in this case, Stephen Joseph Dunn ("Dunn"), filed three motions concerning the attorney-client relationship between Dunn and Bennett. First, Dunn filed a motion to reopen the case. Second, Dunn filed a motion for attorney fees allegedly owed by Bennett. Third, Dunn moved for a temporary restraining order against Bennett, prohibiting him from disposing of proceeds that were produced by the sale of the property that was at the center of this case. Having reviewed Dunn's motions, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Dunn's motions "on the briefs." See L.R. 7.1(f)(2).

Dunn's first motion seeks to reopen the case for the purpose of entertaining his two subsequent motions.  As the case need not be reopened in order for the Court to hear Dunn's motions for attorney fees and a temporary restraining order, denial of the motion to reopen is appropriate.

Dunn next seeks a temporary restraining order to prevent Bennett from spending proceeds from the sale of the property underlying this case.  He does so because Bennett has allegedly refused to compensate Dunn for his services in the prosecution of this matter.  Dunn claims Bennett owes over $116,000.  The Court balances four factors when deciding whether to grant a temporary restraining order: (1) whether the movant has established a substantial likelihood of success on the merits; (2) whether there exists the threat of irreparable harm without a temporary restraining order; (3) whether the temporary restraining order risks substantial harm to others; and (4) whether the public interest would be harmed.  *Babler v. Futhey*, 618 F.3d 514, 519-20 (6th Cir. 2010).  Here, while the first, third, and fourth factors arguably weigh in Dunn's favor, the Court will deny the motion because of an overwhelming lack of irreparable harm.

The Supreme Court has stated that "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies[.]"  *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)).  *See also Russell v. Ohio, Dept. of Admin. Servs.*, 302 Fed. App'x 386, 394 (6th Cir. 2008) (same).  Irreparable harm and the inadequacy of legal remedies are essential to the Court's determination since an injunction is unnecessary if ordinary legal proceedings will sufficiently redress the parties' dispute.  11A Charles Alan Wright

2

& Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2011).  Here, not only has Dunn failed to make any showing regarding the irreparable harm he faces, precedent clearly establishes that "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury."  *Sampson*, 415 U.S. at 90-91.

Most cases where irreparable injury is found involve injuries that cannot be easily quantified or subsequently redressed.  For instance, in *Council on American-Islamic Relations v. Gaubatz*, 667 F. Supp. 2d 67 (D.D.C. 2009), the court found irreparable harm in the disclosure of an organization's confidential, proprietary information.  Likewise, in *Kelly v. Evolution Markets, Inc.*, 626 F. Supp. 2d 364 (S.D.N.Y. 2009), a former employer faced the prospect of irreparable injury through the loss of customers if an injunction enforcing the parties' restrictive covenant was not issued.  Finally, in *Miller v. Blackwell*, 348 F. Supp. 2d 916 (S.D. Ohio 2004), registered voters faced the irreparable loss of their right to vote without an injunction against pre-election challenges to their voter registrations.

By contrast, the harm alleged here is purely monetary; and there are legal processes available to enable Dunn's recovery.  Further, nothing suggests that these processes are insufficient in any way.  Put another way:

> The key word in this consideration is <u>irreparable</u>.  Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough.  The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Virginia Petrol. Job. Ass'n v. Federal Power Com'n*, 259 F.2d 921, 925 (D.C. Cir. 1958) (quoted in *Sampson*, 415 U.S. at 90) (emphasis original). *See also Babler v. Futhey*, 618 F.3d 514, 523-24 (6th Cir. 2010) ("Lost wages are readily compensable and do not constitute irreparable harm."); *Greer v. Detroit Pub. Schools*, 10-14623, 2011 WL 196928, at *5 (E.D. Mich. Jan. 18, 2011) (citing *Sampson*, 415 U.S. at 90). The only harm alleged by Dunn is a monetary loss. Dunn's purported injury does not constitute irreparable harm, and the legal remedies available are perfectly adequate. As such, denial of Dunn's motion for a temporary restraining order is appropriate.

Finally, Dunn seeks $40,110.77 from Bennett's property sale as a charging lien towards over $116,000 in attorney fees. A charging lien "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 584 (Mich. Ct. App. 1993). Here, Dunn does not have a valid charging lien because there has been neither a judgment nor a recovery through suit. A judgment is "[a] court's final determination of the rights and obligations of the parties in a case." Black's Law Dictionary 918 (9th ed. 2009). The term also includes equitable decrees and any order from which an appeal lies. Fed. R. Civ. P. 54(a). This case was resolved by stipulated dismissal [Dkt. #65]. Furthermore, the dismissal was without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice."). A voluntary dismissal without prejudice cannot be appealed and does not constitute an equitable decree. *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008). A stipulated dismissal also does not constitute a final determination of the parties' rights and obligations.

4

Moreover, since the sale of the home took place outside the confines of this lawsuit, it cannot be said that there has been a "recovery in a particular suit." *George*, 506 N.W.2d at 584.  As such, Dunn's claimed charging lien fails as a matter of law.  To recover the fees allegedly owed Dunn should instead pursue a separate claim in a court of appropriate jurisdiction.  Therefore,

IT IS HEREBY ORDERED that Stephen Joseph Dunn's motion to reopen the case [Dkt. #66] is DENIED.

IT IS FURTHER ORDERED that Stephen Joseph Dunn's motion for attorney fees [Dkt. #67] is DENIED.

IT IS FURTHER ORDERED that Stephen Joseph Dunn's motion for a temporary restraining order [Dkt. #68] is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: February 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137